UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

　　　　- v. -

TERRENCE CHALK,
　　a/k/a "Terrence Cash,"
　　a/k/a "Dr. Cash,"

　　　　　　Defendant.

- - - - - - - - - - - - - - - - - x

**INDICTMENT**

21 Cr.

21 CRIM 049

## COUNT ONE
### (Securities Fraud)

The Grand Jury charges:

**RELEVANT INDIVIDUALS AND ENTITIES**

1. TERRENCE CHALK, a/k/a "Terrence Cash," a/k/a "Dr. Cash," the defendant, has run a Central Florida-based business called Greenlight Investment Partners, Inc. and several similarly named entities (together, "Greenlight") since approximately in or about 2015. CHALK has run these businesses under an alias, "Terrence Cash" (or "Dr. Cash"). Notably, on or about August 31, 2009, CHALK – under his legal name – was convicted in this District of identity theft and conspiring to make false statements to financial institutions, all in connection with a scheme to fraudulently obtain loans and lines of credit in the name of entities he controlled.

2. Greenlight purported to offer its customers advice and training in investment planning and wealth

management. To certain customers, CHALK also offered admission into the "Chairman's Fund" – purportedly, an elite investing arrangement under which clients would purchase equity stakes in Greenlight and CHALK would invest the proceeds into individual business ventures he had vetted.

## THE SCHEME TO DEFRAUD

3. From at least in or about 2017 through in or about October 2020, TERRENCE CHALK, a/k/a "Terrence Cash," a/k/a "Dr. Cash," the defendant, solicited money from clients of Greenlight and falsely promised to invest their money in various business ventures through the Chairman's Fund.

4. To induce Greenlight customers to join the Chairman's fund, TERRENCE CHALK, a/k/a "Terrence Cash," a/k/a "Dr. Cash," the defendant, falsely claimed that he would invest their money in ventures that would generate a guaranteed, fixed return, often in excess of 12 percent annually, to be paid by check on a quarterly basis. CHALK solicited investors, some of whom resided in Manhattan and the Bronx, while concealing from them his real name and the fact that, under his real name, he had been convicted of fraud-related crimes.

5. Ultimately, TERRENCE CHALK, a/k/a "Terrence Cash," a/k/a "Dr. Cash," the defendant, solicited more than $4 million from approximately 27 investors. However, contrary to

his representations to investors, CHALK did not make all of the promised investments. Instead, CHALK diverted much of the investors' money into other Greenlight accounts, from which he spent lavishly on himself and his associates.

### Statutory Allegations

6. From at least in or about 2017 through in or about October 2020, in the Southern District of New York and elsewhere, TERRENCE CHALK, a/k/a "Terrence Cash," a/k/a "Dr. Cash," the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails and the facilities of national securities exchanges, in connection with the purchase and sale of securities, used and employed manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, CHALK, for the purpose of defrauding investing clients, concealed his true identity and

3

sold clients an equity stake in a purported fund that would invest in companies to generate returns, but did not invest the money as promised.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 2.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

7. The allegations contained in paragraphs 1 through 5 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

8. From at least in or about 2017 through in or about October 2020, in the Southern District of New York and elsewhere, TERRENCE CHALK, a/k/a "Terrence Cash," a/k/a "Dr. Cash," the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, CHALK, for the purpose of defrauding investing clients, and through the use of

4

interstate wires, including emails and telephone calls to and from the Southern District of New York, concealed his true identity and sold clients an equity stake in a purported fund that would invest in companies to generate returns, but did not invest the money as promised.

(Title 18, United States Code, Sections 1343 and 2.)

### FORFEITURE ALLEGATIONS

9. As a result of committing one or more of the offenses charged in Counts One and Two of this Indictment, TERRENCE CHALK, a/k/a "Terrence Cash," a/k/a "Dr. Cash," the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Asset Provision

10. If any of the above described forfeitable property, as a result of any act or omission of the defendant:

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited

5

with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Section 981,
    Title 21, United States Code, Section 853, and
    Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
AUDREY STRAUSS
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

TERRENCE CHALK, a/k/a "Terrence Cash,"
a/k/a "Dr. Cash,"

Defendant.

INDICTMENT

21 Cr.

(15 U.S.C. §§ 78j(b) & 78ff; 17 C.F.R. § 240.10b-5; 18 U.S.C. §§ 1343 & 2.)

AUDREY STRAUSS
United States Attorney

*[signature]*

7